IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM HOLLINGSWORTH                                                            PLAINTIFF

v.                                            CIVIL NO. 13-5035

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, William Hollingsworth, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 26, 2010, alleging an inability to work since January 1, 2008, due to back and knee problems, depression, irritable bowel syndrome, bone spurs, and arthritis. (Tr.110, 117, 150). An administrative video hearing was held on October 17, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 22-48).

By written decision dated December 23, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12). Specifically, the ALJ found Plaintiff had the following severe impairments: rheumatoid arthritis and chronic obstructive pulmonary disease (COPD). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk at least 6 hours out of an 8 hour work day; sit at least 6 hours out of an 8 hour work day; all with normal breaks; avoid concentrated exposure to such things as flumes (sic), odors, dust, gases, and poor ventilation; and no more than frequent use [of] the hands for such repetitive tasks as key boarding (Light work is defined in 20 CFR 404.1567(b) and 416.967(b)).

(Tr. 13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a small product assembler and a bakery worker. (Tr. 17).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on December 21, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11,12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ failed to fairly present the record when discussing Plaintiff's impairments and subjective complaints; and 2) the ALJ erred in determining Plaintiff's RFC.

#### A. Subjective Complaints and Credibility Analysis:

We first address the ALJ's assessment of Plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may

discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record revealed that during the relevant time period Plaintiff was able to take care of his personal needs, cut wood a little at a time, mow with breaks, do some household repairs with breaks, drive a car, pay bills and count change, spend time with his family, watch television and use a computer. (Tr. 131-138).

The medical evidence revealed that Plaintiff has COPD. When discussing Plaintiff's respiratory impairment, the ALJ noted that Plaintiff did not seek regular and consistent treatment. The ALJ also pointed out that despite the repeated recommendations to stop smoking, Plaintiff continued to smoke, from one to three packages of cigarettes a day, throughout the relevant time period. See Kisling v. Chater, 105 F.3d 1255, 1257 (8th Cir.1997) (noting that a failure to follow prescribed treatment may be grounds for denying an application for benefits); Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir. 2008)(where claimant's smoking had a direct impact on his impairments, the ALJ appropriately considered claimant's failure to stop smoking in making his credibility determination).

Plaintiff also indicated that he experienced chronic and continued back and joint pain. A review of the record revealed that Plaintiff did seek treatment for joint and back pain and that

Plaintiff had an elevated rheumatoid factor. However, the most recent medical record indicated that Plaintiff was experiencing improvement with his new medication regimen.

The Court would also note that while Plaintiff alleged an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). As noted above, the record revealed that Plaintiff was able to come up with the funds to support his smoking habit throughout the relevant time period.

Therefore, although it is clear that Plaintiff suffers with some degree of pain, he has not established that he is unable to engage in any gainful activity. See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability). Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.    The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a

medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform light work with limitations is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### C. Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that

Plaintiff's impairments did not preclude him from performing work as a small product assembler and a bakery worker. <u>Pickney v. Chater</u>, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 30th day of April, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)